## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD SANDERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:20-CV-72 RWS |
| | ) |
| JASON FINCH, et al., | ) |
| | ) |
| Defendants, | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. The complaint filed in this action names twenty plaintiffs confined at Ste. Genevieve Detention Center: Donald Sanders, Kendrick Warren, Jared Britton, Jerome Fisher, Denzel Reed, DaQuan Marshall, Jermaine Weaver, Donovan Jacobs, Stephan Jones, Randall Lewis, Marty Luke, Alex Wheelis, Lionel Thompson, Troy McCottrell, Marion Gray, James Flannel, Shawn Rankin, Steve Bowen, William Anderson, and Frederick Hackney.[1]  Plaintiffs seek to bring this civil action *in forma pauperis*, without prepayment of filing fees, alleging civil rights violations under 42 U.S.C. § 1983 against six defendants.  The focus of the complaint is an allegation of deliberate indifference to the health and safety of plaintiffs when defendants did not wear proper protective equipment in the month of March 2020, at the Ste. Genevieve County Jail, to protect named plaintiffs from potential exposure and spread of the COVID-19 virus.

---

[1] The complaint is signed only by plaintiff Donald Sanders. ECF No. 1 at 12.  Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed … by the party personally if the party is unrepresented."  Unsigned papers must be struck by the Court "unless the omission is promptly corrected after being called to the … party's attention." *Id.*

It appears that plaintiff "Alex Wheelis" has been inadvertently left off the docket sheet list of plaintiffs in this matter. *See* ECF No. 1 at 2.  The Court will direct the Clerk of Court to add his name.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[2]  *See, e.g., Georgeoff v. Barnes*, No. 2:09-CV-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009).  There are several reasons for this.  First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA.  *See* 28 U.S.C. § 1914.  Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, No. 08-6010 (RBK), 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id.* (quoting *Swenson v. MacDonald*, No. CV 05-93-GF-CSO, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

---

[2] Federal Rule of Civil Procedure 20(a)(1) allows permissive joinder of plaintiffs in one action if: "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."

2

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed.  Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action.  As a result, the Court will strike nineteen of the plaintiffs from this case and order the Clerk to open new cases for them.  Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Once the nineteen additional plaintiffs are stricken from this case, this matter will proceed with named plaintiff Donald Sanders only.  Plaintiff Sanders appears to have attempted to file an 'Application to Proceed in District Court Without Prepaying Fees and Costs;' however, the form motion is missing the second page and is unsigned.  *See* ECF No. 2.  The Court will direct the Clerk to send plaintiff Sanders a blank form Application, which must be filed with the Court within thirty (30) days of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall add plaintiff "Alex Wheelis" to list of named plaintiffs on the docket sheet in this matter.

**IT IS FURTHER ORDERED** that the Clerk is directed to **STRIKE** plaintiffs Kendrick Warren, Jared Britton, Jerome Fisher, Denzel Reed, DaQuan Marshall, Jermaine Weaver, Donovan Jacobs, Stephan Jones, Randall Lewis, Marty Luke, Alex Wheelis, Lionel Thompson, Troy McCottrell, Marion Gray, James Flannel, Shawn Rankin, Steve Bowen, William Anderson, and Frederick Hackney from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant matter [ECF No. 1], the Clerk shall open a new prisoner civil rights case for each of the nineteen stricken plaintiffs: Kendrick Warren, Jared Britton, Jerome Fisher, Denzel Reed, DaQuan Marshall, Jermaine Weaver, Donovan Jacobs, Stephan Jones, Randall Lewis, Marty Luke, Alex Wheelis, Lionel Thompson, Troy McCottrell, Marion Gray, James Flannel, Shawn Rankin, Steve Bowen, William Anderson, and Frederick Hackney.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in each new case.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff Donald Sanders an 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff Donald Sanders must either pay the $400 filing fee or submit a motion to proceed without prepaying fees or costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff Donald Sanders fails to comply with this Order, the Court will dismiss this action without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2020.